**Walter Frank FRITTS, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 24968.**

United States Court of Appeals
Fifth Circuit.

May 22, 1968.

Neil Heimanson, Atlanta, Ga., for appellant.

Theodore E. Smith, Asst. U. S. Atty., Charles L. Goodson, U. S. Atty., Atlanta, Ga., for appellee.

Before GEWIN and THORNBERRY, Circuit Judges, and ELLIOTT, District Judge.

PER CURIAM:

The appellant was found guilty by a jury in the United States District Court for the Northern District of Georgia of an attempt to escape from a United States Penitentiary located in Atlanta in violation of 18 U.S.C. § 751. The court imposed a sentence of two years imprisonment to commence at the expiration of or the legal release from the life sentence which the appellant was then serving. He was represented by court appointed counsel at the trial. The government introduced the testimony of FBI Agent Sullivan relating to oral statements made by appellant concerning the offense charged. It is here claimed that the court erred in admitting such testimony.

Counsel for the appellant states the question to be decided on this appeal as follows:

"The sole question involved in this appeal is whether or not the appellant was sufficiently advised of his Constitutional rights regarding in-custody interrogation, based on the testimony of Special Agent John G. Sullivan of the Federal Bureau of Investigation, so as to make any oral statement of appellant

concerning said offense admissible in evidence."

According to Agent Sullivan, before he asked the appellant any questions, he presented to him a printed card approximately 4 x 5 inches in size entitled "Your Rights". The government contends that the rights of the appellant as required by Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) were adequately set forth on the printed card.[1] Agent Sullivan was thoroughly examined and cross-examined with respect to the presentation of the card to the appellant, the circumstances surrounding such presentation and the facts relating thereto. He unequivocally stated that the appellant "read the copy and told me he understood his rights." This testimony stands uncontradicted. Before the court allowed the statements of the appellant to be submitted to the jury he went into the matter thoroughly. The court then instructed the jury that the very nature of an admission claimed to have been made by the appellant outside of the court necessitated a careful inquiry and scrutiny with respect to the circumstances surrounding such admission. The purpose of such procedure, the jury was told by the court, was "to determine surely whether it [the oral statement] was voluntarily and intentionally made." The jury was further instructed that if the evidence did not convince them beyond a reasonable doubt that such statement was voluntarily and intentionally made, the jury was to disregard it entirely. The entire charge with respect to the matter under consideration was clear, direct and unequivocal.

While we believe the better practice would suggest that a statement of the defendant's rights be presented to him in larger type and on a larger card or paper, we are unable to conclude from the record before us and under the facts and circumstances of this case that the appellant was not adequately and sufficiently advised of his constitutional rights with respect to in-custody interrogation. Indeed, the record convinces us to the contrary and we have concluded that the judgment of conviction should be affirmed.

Affirmed.

---

1. The following appeared on the card:
"YOUR RIGHTS
Place —————
Date —————
Time —————
Before we ask you any questions, you must understand your rights.
You have the right to remain silent.
Anything you say can be used against you in court.
You have the right to talk to a lawyer for advice before we ask you any ques-

tions and to have him with you during questioning.
If you cannot afford a lawyer, one will be appointed for you before any questioning if you wish.
If you decide to answer questions now without a lawyer present, you will still have the right to stop answering at any time. You also have the right to stop answering at any time until you talk to a lawyer."