214 So.2d 470 (1968)
Joe JENKINS
v.
STATE of Mississippi.
No. 44715.
Supreme Court of Mississippi.
September 30, 1968.
*471 Lee B. Agnew, Jackson, for appellant.
Joe T. Patterson, Atty. Gen., by Guy N. Rogers, Asst. Atty Gen., Jackson, for appellee.
ETHRIDGE, Chief Justice:
Joe Jenkins, appellant, was convicted in the Circuit Court for the First Judicial District of Hinds County of burglary and larceny, and was sentenced to serve two years in the penitentiary.
The evidence was ample to support the conviction. Around 4:25 a.m., on February 12, 1967, a car wash business was broken into, some equipment damaged, and packaged peanuts were taken from the vending machine. Within a few minutes city patrolmen arrested Jenkins walking down the street near the car wash place. Broken glass was on the soles of his shoes, and a button was found on the floor of the car wash premises identical to other buttons on a raincoat worn by Jenkins, which itself had a missing button.
After noon on the same day, two detectives interrogated appellant about the offense, after first reading and explaining to him his rights as defined in the Miranda case. Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). A printed page containing an outline of these rights was presented to appellant. The outline was followed by a "waiver," which stated that the accused has read the statement of his rights and understands them, wants to make a statement and does not want a lawyer, and that no threats or promises have been made to him. Jenkins signed this waiver. Following this printed form, on the same page is a confession by Jenkins, in which he states that he broke a window on the car wash place, entered it, and undertook to open the safe. After his safe-breaking efforts failed, he then took nine packages of peanuts from the vending machine, left the building, and was later arrested.
*472 The trial court properly found that the interrogating officers in this in-custody interrogation complied with the guidelines laid down in Miranda. That decision does not suggest that these rights might not be reduced to writing on a printed form, but of course the interrogating officers must first explain them to an accused, and the court must be convinced that accused understood that he could avail himself of these rights, without or prior to or during the course of any interrogation by the officers.
Jenkins testified that he was very much intoxicated that night, and did not remember what he did; and that he could not read and write, although he later stated that he had a sixth grade education. Miranda requires meaningful advice to an unlettered and unlearned person, in language which he can comprehend and on which he can knowingly act. The crucial test is whether the words used by the officers, in view of the age, intelligence and demeanor of the individual being interrogated, implied a clear understanding of all of his rights. The court must then determine objectively whether the words used by the interrogating officers were sufficient to convey the implied warning. Fritts v. United States, 395 F.2d 219 (5th Cir.1968); Coyote v. United States, 380 F.2d 305 (10th Cir.1967).
The evidence here reflects that the interrogating officers amply complied with Miranda, and that Jenkins knowingly and intelligently waived his rights to the presence of an attorney, etc., before giving the confession.
Affirmed.
PATTERSON, INZER, SMITH and ROBERTSON, JJ., concur.