287 So.2d 269 (1973)
L.J. LUTON
v.
STATE of Mississippi.
Nos. 47568 and 47569.
Supreme Court of Mississippi.
December 17, 1973.
Rehearing Denied January 14, 1974.
James T. Bridges, Belzoni, for appellant.
A.F. Summer, Atty. Gen. by Ben H. Walley, Asst. Atty. Gen., and Karen Gilfoy, Sp. Asst. Atty. Gen., Jackson, for appellee.
*270 BROOM, Justice:
On February 8, 1973, the appellant Luton was indicted for burglary of a retail establishment known as "The Bird Cage." The indictment was numbered 2062. On the same date another indictment numbered 2063 was returned charging him with the offense of burglary of an establishment known as "C.R. Anthony Company," a corporation. The indictments and trials transpired in the Circuit Court of Humphreys County. Cause No. 2063 was the first to be tried. Appellant was found guilty and sentenced to a term of five years in the state penitentiary. Next he was tried in Cause No. 2062, found guilty and given an identical sentence which would run consecutively with the sentence imposed in Cause No. 2063. The two causes are consolidated by agreement on this appeal. We affirm.
The only issue before us is the contention that there was erroneously admitted into evidence fruits of a warrantless, unconstitutional and illegal search of appellant's automobile.
On January 13, 1973, two business houses in Belzoni, Mississippi were burglarized. One was the retail store "C.R. Anthony Company, Inc.," and the other was an art and gift shop called "The Bird Cage." Mrs. Hughes, Manager of C.R. Anthony Company, Inc., upon the opening of Anthony's for business, discovered that it had been burglarized and merchandise misarranged. On the floor she discovered a payroll "check stub" with appellant's name thereon. She called Officer Jones of the Belzoni Police Department, who detected that the payroll "check stub" was from the Standard Transformer Company, the employer of the appellant. Officer Jones enlisted the assistance of Deputy Sheriff Dalton, and the two officers went to the justice of the peace where they formally charged the appellant with burglary of Anthony's. They were issued an arrest warrant for Luton and went to the Middle South Transformer Company in order to arrest him.
According to the testimony of the officers, they arrested the appellant inside the plant of his employer, where he was searched on the spot for weapons. In making this search of his person, they found some small items of merchandise. Subsequently and without any warrant they searched the appellant's automobile on a nearby parking lot.
Prior to the trial on the merits, the appellant filed in each case a "Motion to Suppress Evidence." The trial court conducted (in the absence of the jury) an evidentiary hearing on said motion, the two cases being consolidated for the hearing. The motion to suppress the evidence was overruled. Separate trials were conducted on each charge. At each trial the fruits of the warrantless search of the trunk of appellant's automobile were allowed to be considered by the jury. By this means appellant was connected with the burglaries. All of this evidence was objected to in the proper manner by the appellant, whose objections were overruled.
In order to preserve legal points related to the admissibility of the evidence, the appellant made timely objections, moved for a directed verdict, requested a peremptory instruction, moved for a judgment notwithstanding the evidence, and made the proper motion for a new trial, all of which were overruled by the trial court. Then appellant requested the consolidation of both cases upon this appeal and stated in his brief that the assignments of error are all based upon the failure of the trial court to suppress the evidence obtained by the warrantless search of his automobile.
The appellant contends that the warrantless search was unreasonable, without probable cause, without consent of the appellant, and not as an incident to a lawful arrest. He says that he was thereby deprived of rights and privileges guaranteed him by the Fourth Amendment of the *271 United States Constitution and by section 23 of the Mississippi Constitution of 1890.
Both officers who investigated the two burglaries testified that appellant was arrested pursuant to a valid arrest warrant, searched, taken outside and advised of his rights. Their testimony further indicates without equivocation that appellant, while under arrest, in answer to the request of Officer Jones, gave permission for the officers to search his car. It was also testified to by the officers that they took the appellant to his car where the keys were removed and given to the appellant, after which he opened the trunk of the car which resulted in identification and confiscation of merchandise stolen in the burglary. Other testimony of the officers was to the effect that they advised appellant "you have the right to remain silent; anything you say can and will be used against you in a court of law; you have the right to have an attorney with you while you are being questioned; if you can't afford to hire an attorney one will be appointed to represent you... ." Testimony indicated that Officer Dalton advised the appellant of his rights, by reading them from a card, before appellant consented to the search.
At the evidentiary hearing the appellant testified in his own behalf and categorically denied that he was advised of his rights before the search. He also denied that he consented to the search but indicated that he opened the trunk of the car upon the direction of the officer without consenting in any manner.
After hearing the testimony of the officers who arrested the appellant and made the search, and after hearing the appellant himself testify, it was the finding of the trial court that "this defendant freely and voluntarily gave his consent for his automobile to be searched, and I therefore find that the search of the automobile was lawful, and the motions to suppress will be overruled."
Clearly in this case the appellant followed the requirements of our decision in Henry v. State, 253 Miss. 263, 154 So.2d 289, 174 So.2d 348 (1965), wherein the court approved the testing of the admissibility of evidence by a motion to suppress after indictment and prior to the trial. It was ruled in Canning v. State, 226 So.2d 747 (Miss. 1969) that those who assert an affirmative defense have a burden to establish their thesis, and that the burden is upon the state to show that search and seizure of property (admitted into evidence) were done lawfully.
The record here clearly shows that there was presented to the court adequate testimony of the arresting officers that they read to the appellant his rights as defined in the case of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). This was done before the search of the automobile. The only two officers present at the time of the arrest appeared and testified during the trial. We are of the opinion that the requirements set forth in Jenkins v. State, 214 So.2d 470 (Miss. 1968) were complied with and that there was ample testimony before the court to justify the finding of the court that the "accused understood that he could avail himself of these rights, without or prior to or during the course of any interrogation by the officers." There was adequate testimony before the court to establish that the appellant was lawfully arrested for the offense of burglary. Also, the evidence made an issue of fact as to whether or not the appellant voluntarily consented to the warrantless search of his automobile.
As held in Bumper v. North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968) it is the burden of the state in a criminal prosecution such as this to prove that the accused voluntarily consented to the search of his property. Just as the voluntariness of a confession must be proved beyond a reasonable doubt, where the state relies on consent to a warrantless *272 search of a vehicle of an accused person, the state must prove such consent beyond a reasonable doubt. The same degree of proof is required to show that an accused waived his rights surrounding the search. This rule as to the proof of a confession was recognized by this Court in Rowell v. State, 239 So.2d 917 (Miss. 1970) and Stevens v. State, 228 So.2d 888 (Miss. 1969). As said in Stevens, the voluntariness of a confession offered in evidence is one for the trial court and proof of voluntariness must be made beyond a reasonable doubt. Likewise, the voluntariness of consent to search an automobile and waiver of rights connected thereto must be established beyond a reasonable doubt.
In the case at bar each officer who was present at all critical stages of the arrest and search under discussion testified. Testimony of the state and the appellant in the record before us is conflicting as to consent, voluntariness of consent, and waiver of rights pertaining to the search. In this posture of testimony there was presented clearly to the trial court the issue of voluntariness of the consent to the search of the appellant's automobile. It was a classic question of fact to be decided by the judge himself who had the opportunity of seeing and observing each of the witnesses who testified. The trial judge gave to each bit of the testimony such weight and worth as he deemed proper under existing circumstances. No one questions that the appellant had a constitutional right guaranteed unto him that his automobile would not be searched without authority of law but this constitutional right can be and was by him waived. Phelper v. Decker, 401 F.2d 232 (5th Cir.1968). We recognize that appellant's Fourth Amendment right of privacy is enforceable against the state as announced in the following cases: Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961); O'Bean v. State, 184 So.2d 635 (Miss. 1966).
Upon the record made before the trial judge, we hold that the appellant did not merely acquiesce in the search, but he voluntarily and intelligently waived his right to object to the search under the circumstances. Doesn't the fact that he was asked for permission to make the search indicate that he could have said "No"? The situation here was not one where the appellant neither objected to nor consented to the search but, according to clear and convincing evidence presented by the officers, the appellant specifically and intelligently consented to the search without any duress, pressure or coercion of any kind having been applied to him. We reject the argument of appellant that a person under arrest is deemed to be in such a state of duress and pressure that "he cannot consent to waive the protective shield of the Fourth Amendment."
Officer Jones testified that "he gave his permission and said the keys were in the car." This witness was carefully, vigorously, and thoroughly cross-examined and in the course of cross-examination testified that appellant said: "Go ahead, the keys are in the car." Officer Dalton testified that the appellant said, "No, sir" when asked if he had any objection to the officers looking in the car. Officer Dalton further testified that he asked the appellant where the keys were and that the appellant responded, "They are in the car." Also, when Officer Jones asked appellant if he could search the car, the appellant said, "It's O.K." This testimony was sufficient to clearly and convincingly establish appellant's consent even though he was under arrest.
The United States Supreme Court in a split decision had a similar case recently styled Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). There the subject (accused) of the search was not in custody when he consented to the warrantless search of his automobile. In the case before us the accused person (appellant) was in custody when he gave consent to the search. We are urged by appellant that we should at this time hold to the effect that the Fourth *273 Amendment of the United States Constitution requires that when the subject of a search is in custody, and the state attempts to justify a search on the basis of consent, in such a situation the state must demonstrate that the subject had knowledge of his Fourth Amendment right to withhold consent. Bustamonte, supra, held that knowledge is a factor to be considered but not a "prerequisite to establishing a voluntary consent." As stated in the opinion of Bustamonte, supra, that decision is a "narrow one" where the subject was not in custody. We are of the opinion that the rule suggested here by appellant is too restrictive and unrealistic because it would make unimportant and insignificant other surrounding facts and circumstances.
In Holifield v. State, 275 So.2d 851 (Miss. 1973) law officers stated that the accused confessed guilt of a crime after being advised of his Miranda rights. Defense counsel, in cross-examining one of the law officers who was present when the confession was given, sought to inquire if the officer advised the accused that he had the right to go before a magistrate or judge on the pending charge. Objection of the state to the question was sustained. Holifield states that the testimony sought by defense counsel pertaining to a magistrate or judge "was not pertinent to any question concerning voluntariness" of the accused in confessing.
We follow the better rule that by analyzing the totality of circumstances pertaining to an individual's consent, a trier of fact can ascertain whether a particular consent was coerced or voluntary. Upon all the circumstances revealed by this record, we believe it fair to say that the consent of the appellant in this case was voluntarily given and was not in any sense the product of threats or force or any other type of coercion. Voluntariness does not require proof that the accused had specific knowledge of a right to refuse as the sine qua non of a valid and effective consent to the search.
Having carefully considered the argument and authorities cited by the appellant, we find no error in the holding of the trial court upon the motion to suppress that the appellant "freely and voluntarily gave his consent for his automobile to be searched." Therefore, the admission into evidence of the fruits of the search was a proper ruling and no reversible error was made.
Affirmed.
GILLESPIE, C.J., and INZER, SMITH and ROBERTSON, JJ., concur.