320 So.2d 789 (1975)
Paul E. DAVIS
v.
STATE of Mississippi.
No. 48642.
Supreme Court of Mississippi.
October 13, 1975.
*790 George F. West, Jr., Natchez, for appellant.
A.F. Summer, Atty. Gen. by Catherine Walker, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, INZER and WALKER, JJ.
WALKER, Justice:
The appellant was indicted and tried for murder in the Circuit Court of Adams County, Mississippi. From a conviction of manslaughter and a sentence of twenty years in the state penitentiary, he prosecutes this appeal.
Shortly after midnight on the morning of July 27, 1973, James Thames, a service station attendant in the City of Natchez, Mississippi, was shot during an armed robbery attempt by an assailant with a stocking pulled over his face and who was dressed in a light yellow shirt and light blue pants using a polka-dotted tie for a belt. During the course of the investigation by the authorities that night and the next morning, a brown stocking was found in the Abbott Street area not far from the service station and a yellow shirt and blue pants with a polka-dotted tie in the belt loops were found hidden in a clump of weeds approximately a block and a half from the scene of the killing.
The appellant's primary assignment of error is that the lower court erred in allowing Sheriff William T. Ferrell to testify with reference to oral statements made by the appellant who denied killing Mr. Thames, but admitted that the clothing found by the police belonged to him; and that the appellant had worn them on the night of July 26 and had hidden them in the weeds.
In this regard appellant argues that before the oral statements of an accused are admissible in evidence, there must be "written proof," signed by the accused, that the statements were voluntarily and freely made; and, he further argues that when the accused is a sixteen-year-old boy a heavier than ordinary burden rests upon the state to demonstrate that the accused knowingly waived his privileges against self-incrimination and his right to counsel.
The appellant cites no authority, nor are we aware of any which requires that a waiver of an accused's constitutional privileges against self-incrimination, right to counsel, etc. must be in writing and signed by the accused before inculpatory statements made by him and otherwise freely and voluntarily given are admissible in evidence. Such a statement is admissible provided the accused has been afforded the protection of the Miranda warning and he thereafter knowingly and intelligently waives his rights and freely and voluntarily makes the statement.
With reference to the second portion of appellant's assignment of error concerning the waiver of constitutional safeguards by a sixteen-year-old boy, this Court has said in Jenkins v. State, 214 So.2d 470 (Miss. 1968):

Miranda requires meaningful advice to an unlettered and unlearned person, in language which he can comprehend and on which he can knowingly act. The crucial test is whether the words used by the officers, in view of the age, intelligence and demeanor of the individual being interrogated, implied a clear understanding of all of his rights. The court must then determine objectively whether the words used by the interrogating officers were sufficient to convey the implied warning. Fritts v. United States, 395 F.2d 219 (5th Cir.1968); Coyote v. United States, 380 F.2d 305 (10th Cir.1967). (214 So.2d at 472).
*791 There is nothing in this record to indicate that the appellant was other than of normal intelligence since he did not take the stand at any stage of the proceedings. The only thing in this record which would reflect on his ability to understand and comprehend is the report of the medical authorities at the Mississippi State Mental Hospital where appellant was sent, of his own motion, which reads in part:
We found no evidence whatsoever that this young man is psychotic (insane). He is considered entirely competent, in every respect, to stand trial, to collaborate and cooperate with his Counsel, to testify in his own behalf, and to otherwise participate in his own defense.
Moreover, the record discloses that an oral tape recording and video tape recording were made of the appellant's interrogation by the investigating officers and these tapes were made available to the appellant and his counsel prior to trial. We must assume therefore, that these tapes did not contain objectionable matter with reference to the conduct of the interrogation since they were not offered into evidence and no specific complaint was directed thereto by appellant.
We have carefully reviewed the testimony of Sheriff William T. Ferrell and Captain Bahin, Chief of Detectives of the Natchez Police Department, who testified as to how they, on two different occasions, advised the appellant of his Miranda rights and are of the opinion that the officers advised appellant in clear, plain and uncomplicated terms which an average sixteen-year-old youth could understand and upon which he could knowingly act.
We have considered the appellant's remaining assignment of error that he was entitled to a peremptory instruction and find it to be without merit. The evidence for the state showed that the appellant was identified as the assailant by a witness who testified that he saw him running from the service station on the night of the fatal shooting wearing a yellow shirt, blue pants and polka-dotted tie around his waist. Clothes meeting this description, with blood on them, were found in the vicinity of the service station the morning after the killing took place. Although appellant denied killing Mr. Thames, he admitted to being in the vicinity of the service station at the time the crime occurred and to having worn the above described clothes on the night of the shooting.
We are of the opinion that the jury had ample evidence upon which to base its verdict.
The jury is the judge of the credibility of the witnesses and the weight and worth to be given to their testimony, and was not required to believe appellant's witnesses who testified that one Felton Slack had told them that he had killed the deceased. Ainsworth v. State, 304 So.2d 656 (Miss. 1974); McLelland v. State, 204 So.2d 158 (Miss. 1967); Cobb v. State, 235 Miss. 57, 108 So.2d 719 (1959).
This case was vigorously prosecuted by the state and ably defended by appellant's attorney who diligently protected appellant's rights at every stage of the proceedings.
For the reasons given above, we are of the opinion that the judgment of the lower court should be affirmed.
Affirmed.
GILLESPIE, C.J., RODGERS, P.J., and SMITH, ROBERTSON, SUGG and BROOM, JJ., concur.