GRIFFIN, Justice,
for the Court:
I.
This case concerns the question of whether a motion for suppression, filed pri- or to trial and made again during the course of the trial, must be refiled according to Rule 4.02 of our Uniform Criminal Rules of Circuit Court Practice when a mistrial is declared and the trial is continued in the next term of court.
II.
The case at bar is an appeal from the Circuit Court of Neshoba County, Mississippi, wherein the appellant was indicted in the February, 1985, term of the Circuit Court of Neshoba County for the crime of possession of cocaine with intent to deliver. Appellant was initially tried in the February 1985 term of Court. The Court proceeded to hear testimony from the State’s witnesses and granted a defense motion for mistrial.
Appellant was again tried during the September 1985 term. After hearing the evidence, the court granted the state’s motion ore tenus to amend the indictment to delete the words “with the intent to deliver said cocaine to person or persons to the Grand Jurors unknown”. The jury, after deliberating on the issues of fact, returned a verdict of guilty as charged. Thereafter the trial court sentenced appellant to serve a term of three years in the Mississippi State Penitentiary and to pay a fine of $20,000.
III.
At approximately 10 o’clock on the morning of August 14, 1984, Philadelphia City Police Officer L.J. Pace received an anonymous phone call alleging that a cocaine deal was going down at Westside Park between Glenn Fielder and Albert Clemons. Based on that information, Officer Pace began patrolling that neighborhood looking for vehicles of the persons alleged to be participating in the transaction.
Around 11:30 o’clock a.m. that same morning Officer Pace observed Glenn Fielder on a motorcycle and Albert Clemons in a pickup truck parked at Westside. He also observed an unidentified black male and black female in the vicinity. The black female made “contact” with Fielder.
The unidentified couple left Westside in a northerly direction. Officer Pace circled around them and stopped them by blocking Edward Avenue. After arresting the couple, the black female fled. Officer Pace pursued and observed her throwing a bag containing a green leafy substance and two pills.
Based on the above information, Officer Pace, accompanied by Sheriff Glen Wad-dell, returned to Westside Park and arrested appellant and Albert Clemons. A bag containing a white powdery substance was recovered by the officers at the scene. The officers testified that they observed appellant withdraw the bag from his pants and throw it in the pickup truck. Appellant and Clemons were transported to jail.
IV.
Appellant has actually assigned as error two points of contention:
1. The court erred in not suppressing the evidence in this case as fruits of an illegal arrest.
2. The trial court erred in refusing to hear the written motion to suppress evidence prior to trial.
Because we believe the case suffers from reversible error based on the latter assignment alone, we do not deem it necessary to delve into the constitutional issues presented in the former.
This case was tried for the first time on February 12, 1985. After that trial ended in a mistrial, appellant asked for and was granted a continuance to the next term of court. On June 6, the first day of term, the trial was set for July 11. The second trial commenced on that date, July 11, 1985. There was no motion to suppress *1004 filed in the five-month interim between the two trials. The written motion appellant refers to in his brief was filed on February 8, four days prior to the first trial of this cause in a preceding term of court. On the day of the second trial, appellant moved the court to be heard on the prior motion. The trial judge stated his reasons for denying the motion into the record.
Your motion is over-ruled. I think the mistrial declared by the Court in the last trial would demonstrate that I intend to give the defendant as fair a trial as I possibly can on timely objections that are made. Also, the motion that you are now making would be most time-consuming and can be ruled on during the trial of the case on timely objections; and for the third reason, that this case was tried in February, and a mistrial was declared, and this ease was set for trial on this day on June the 6th, 1985, and this morning since I have been in court — in session in this Court, and I have been here every day since Monday of this week, with no juries on Tuesday or Wednesday; and this morning, we called the case up for announcement, and both parties announced ready. The jurors have been voir dired; in fact the jury has now been selected, and no mention has been made of this motion at all. Therefore, it’s not timely, it’s burdensome, and it should have been brought to the Court’s attention at an earlier date. I could have conducted a vacation hearing on the motion. Therefore, it’s overruled.
However, while we do not doubt that the trial judge intended to and did give appellant as fair a trial as could possibly be given, we would urge upon him the necessity of having conducted a hearing on the motion to suppress filed prior to the first trial, in which all the hearsay evidence pertinent to probable cause might have been more easily dealt with and disposed of.
As such, we feel compelled to order reversal in the case sub judice in that a strict adherence to Rule 4.02 at this point would not serve any justifiable end. In fact, we are not convinced by appellee’s argument that the motion must be refiled in the trial court’s second term of hearing the case at bar simply because “the same judge was on the bench and was, therefore, familiar with the issues of the case, including the probable cause issue.” If we are presented with anything we may at least acknowledge that defendant’s motion for mistrial following admission of many inflammatory statements and hearsay evidence concerning probable cause during the course of a jury trial is an inevitable response to denial of its earlier motion to suppress, and as such the same judge must again rule on the same issues prior to their coming before ears which were not intended to hear them.
Therefore, appellant’s second assignment of error bears reversing, and we act accordingly.
REVERSED AND REMANDED.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.