# IN THE COURT OF APPEALS 03/25/97

## OF THE

## STATE OF MISSISSIPPI

### NO. 94-KA-00545 COA

CARTER GASTON III

APPELLANT

v.

STATE OF MISSISSIPPI

APPELLEE

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B

TRIAL JUDGE: HON. EUGENE BOGEN

COURT FROM WHICH APPEALED: LEFLORE COUNTY CIRCUIT COURT

ATTORNEY FOR APPELLANT:

RICHARD A. SMITH

ATTORNEY FOR APPELLEE:

OFFICE OF THE ATTORNEY GENERAL

BY: JOLENE M. LOWRY

DISTRICT ATTORNEY: NOEL D. CROOK

NATURE OF THE CASE: CRIMINAL

TRIAL COURT DISPOSITION: DEFENDANT CONVICTED OF POSSESSION OF COCAINE
AND SENTENCED TO 6 YEARS (HABITUAL AND ENHANCED)

BEFORE THOMAS, P.J., PAYNE, AND SOUTHWICK, JJ.

SOUTHWICK, J., FOR THE COURT:

Defendant Carter Gaston was found guilty of possession of cocaine and sentenced to serve six years as a habitual drug offender. He appeals, arguing that the trial court erred in its denial of his motion for suppression of evidence and his motion for the initial judge to recuse himself. He also argues the jury verdict was against the overwhelming weight and sufficiency of the evidence and contrary to the laws of Mississippi regarding "constructive possession" of a controlled substance. Finding no error, we affirm.

FACTS

Officer Mitchell of the Greenwood Police Department observed Gaston's black pickup truck parked in front of Casey Williams's gray Cadillac, both vehicles with their lights on and engines running. The Cadillac had no driver, as Williams was in the pickup with Gaston. Being in an area known for drug activity and suspecting the two vehicles to be those of drug dealers, the officer pulled up next to the drivers' side of Gaston's truck, at which time he saw a small white package thrown from the passenger side window. Officer Mitchell turned on his police lights, and Williams got out of the truck and into his car and drove away hurriedly. Gaston left quickly in the truck. After calling for backup assistance, Officer Mitchell followed Gaston's black pickup and pulled it over.

Officer Harris met Officer Mitchell at the scene of Gaston's truck, and asked Gaston for consent to search the truck. Gaston initially refused, but after the Narcotics Division was called, Gaston gave permission to search. Nothing was found inside the truck, but cocaine was found inside the unlocked door of the gas tank lid. Gaston testified at trial that he never consented to the search and denied having any knowledge of the cocaine found in the gas tank.

Gaston was indicted for possession of cocaine with intent to sell. Prior to trial, he filed motions for Judge Gray Evans to recuse himself and for suppression of evidence. Judge Evans denied both motions, then later the same day recused himself.

After recusing himself, Judge Evans asked the parties if they wanted the new judge, Judge Bogen, to rehear the motion to suppress. The parties declined. Gaston's trial attorney said that he agreed to "let Judge Bogen rule on the transcript . . . . I think that would be satisfactory. . . ." At trial four days later, defense counsel moved the court to hold a new suppression hearing. Judge Bogen ruled, "[t]he Court will stand on the previous rulings by Judge Evans," thus, denying the motion. Gaston appeals from his resulting conviction.

DISCUSSION

I.

Gaston argues that he was denied his right to a fair trial by an impartial judge when Judge Bogen refused to hold a new suppression hearing. In one precedent, a defendant filed a written motion to suppress evidence four days before the trial began. *Fielder v. State*, 500 So. 2d 1002, 1004 (Miss. 1987). It was denied, but a mistrial ultimately was ordered. At the beginning of the second trial five months later, the defendant moved the court to be heard on the prior motion. The judge denied the motion, holding that it should have been brought up before the day of trial. The supreme court reversed, holding that the judge should have conducted a hearing on the suppression motion filed prior to the first trial. "Strict adherence" to Rule 4.02 of the Uniform Criminal Rules of Circuit Court Practice, which requires all pretrial motions to be filed prior to trial, would not serve any justifiable end in that particular situation.

Unlike in *Fielder,* Gaston was heard on his original motion. He is appealing from a denial to rehear a motion to suppress. The failure to hold a hearing by Judge Bogen initially was the result of Gaston's agreement that the transcript of Judge Evans's hearing could be used. Gaston thereby waived any right to a new hearing. Further, the motion at issue on appeal in *Fielder* was written and timely filed with the court prior to the trial. Gaston's motion at issue in this appeal was made orally, and not brought before the court until the morning of the trial.

There was no error in denying Gaston's motion for a new suppression hearing.

II.

Even if procedurally Judge Bogen was not in error, Gaston alleges that the substance of the ruling should be reversed. In Gaston's view the police lacked probable cause for the initial stop and therefore the evidence was obtained through an illegal search.

In order for an officer to have legal authority for an investigative stop, he need not have probable cause to make an arrest. He need only have a reasonable suspicion grounded in articulable facts that the accused is involved in a felony. *Haddox v. State*, 636 So. 2d 1229, 1233 (Miss. 1994), citing *Floyd v. State*, 500 So.2d 989, 993 (Miss. 1986) *cert. denied, Mississippi v. Floyd*, 484 U.S. 816 (1987). In *Haddox*, the court upheld a search, reasoning that

> [p]racticality requires that detainments which would become an arrest depending on the outcome of a pending investigation, are permissible. Thus, what is an unreasonable seizure should be determined on a balancing of the scope of the intrusion upon the person's liberty with the governmental interest. Since an automobile was involved here, the mobility of the suspected contraband yields a high governmental interest. In comparison, the scope of the intrusion was minimal, especially considering that the officers did not formally arrest the suspects, and that their detainment was potentially temporary. At the time of the detention, there was no reasonable belief that it would turn into a more permanent detainment, i.e., a full arrest, in which they would be held to answer for crime.

*Haddox*, 636 So. 2d at 1236-1237. The testimony at trial showed that Gaston was stopped to

investigate a reasonable suspicion that he was involved in drug activity. The facts on which the officer based his suspicion are as follows: he observed the cars in an area known for drug trafficking; he saw something thrown from the passenger side of the truck when he approached it; and after being seen by the suspects, the two tried to flee. Based on these facts, the officer was justified in making the stop.

Secondly, Gaston questions the legality of the search, arguing that he did not consent. This question is a factual one. The officers testified that Gaston gave permission for the search, and Gaston testified that he did not give permission. Conflicting evidence on consent is for the trial judge to resolve. *Luton v. State*, 287 So. 2d 269 (Miss. 1973), *cert. denied, Luton v. Mississippi*, 417 U.S. 920 (1974) . We accept the lower court's finding of fact regarding consent. We will not disturb a trial court's finding of fact unless they are clearly erroneous or influenced by an incorrect view of the law. *See Smith v. State*, 465 So. 2d 999, 1002 (Miss. 1985).

Gaston also argues that even if he did consent, the gas tank was outside the scope of a permissible search. He argues that the gas tank is accessible to the public and not within the passenger compartment of his vehicle, and should not have been searched by the police officers.

The standard for measuring the scope of the suspect's consent is objective reasonableness. *U.S. v. Stewart*, 93 F.3d 189, 192 (5th Cir. 1996). Recitation of magic words in unnecessary. The key inquiry focuses on what the typical reasonable person would have understood by the exchange between the officer and the suspect. *U.S. v. Rich*, 992 F.2d 502, 505 (5th Cir. 1993), *cert. denied,* 510 U.S. 933 (1993). The scope of a search is generally defined by its expressed objective.

*Florida v. Jimeno*, 500 U.S. 248 (1991); *United States v. Rich*, 992 F. 2d 502 (5th Cir. 1993). In this case, the police officer was looking for drugs, and his search included places on the truck that drugs could reasonably be hidden by a suspect and found by an officer. His looking in the gas tank was within the limits of a consent search, and thus valid.

Finally, Gaston argues that even if he did give consent, the consent was not valid because he was not advised of his *Miranda* rights prior to giving consent. He argues that he was under arrest at the time he was detained, and therefore, his consent to the search was not valid. In *Floyd v. State,* 500 So. 2d 989, 992 (Miss. 1986), the Mississippi Supreme Court stated that officers had authority to detain a person without actually arresting him for investigatory purposes. In certain circumstances, even though a person is not free to leave, he is not necessarily arrested in the constitutionally significant meaning of the word. While Gaston may have been detained in a limited manner, he was not arrested. He was capable of giving consent. Thus, he was not subject to an illegal arrest, and his argument that he was incapable of giving valid consent fails.

III.

Gaston argues that the verdict was against the overwhelming weight of the evidence as well as being based on insufficient evidence. His focus is on what proof is necessary to show constructive possession of a controlled substance.

To find a defendant in possession of contraband, the State must prove that the defendant was aware of the presence of the particular substance and was intentionally and consciously in possession of it.

It need not be actual physical possession; constructive possession may be shown by establishing that the substance involved was subject to the defendant's dominion and control. *Roberson v. State*, 595 So. 2d 1310, 1319 (Miss. 1992). A presumption of constructive possession arises against the owner of the premises upon which contraband is found. *Townsend v.* State, 681 So. 2d 497, 509 (Miss. 1996). However, the presumption is rebuttable, and does not relieve the State of its burden to prove guilt beyond a reasonable doubt. *Roberson v. State*, 595 So.2d 1310, 1319 (Miss. 1992). Gaston emphasizes that no direct proof was introduced that he was aware of the presence of the contraband. Such proof can be provided by reasonable inferences drawn from the evidence, a matter for a jury to resolve.

Gaston admitted at trial that he was the owner of the truck. He did not dispute that he was the only person who had access to the truck. However, he attempted to rebut the presumption by showing that the gas tank of his truck was outside of his control and accessible to the public. He argued that he did not have sufficient dominion and control over the gas tank of his truck to show that the contraband belonged to him. Dominion and control does not require proof that it was impossible for any other person to have access. The jury, examining the evidence and reaching its conclusion regarding the extent of Gaston's control over the vehicle, reached a permissible verdict.

Gaston's argument that the verdict was against the overwhelming weight of the evidence also fails. In order for this court to grant a new trial on this basis, the court must find the verdict contrary to the overwhelming weight of the evidence, so that allowing it to stand would be to sanction an unconscionable injustice. *Morgan v.* State, 681 So. 2d 82, 93 (Miss. 1996); *Groseclose v. State*, 440 So. 2d 297, 300 (Miss. 1983).

Based on the evidence, Gaston's conviction was not against the overwhelming weight of the evidence. The verdict does not shock the conscience to such an extent that to affirm the verdict would be to "sanction an unconscionable justice," and therefore, the verdict is affirmed on this issue as well as all other issues.

**THE JUDGMENT OF THE LEFLORE COUNTY CIRCUIT COURT OF CONVICTION OF POSSESSION OF COCAINE AS A HABITUAL OFFENDER AND ENHANCED SENTENCE OF SIX YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND FINE OF $10,000.00 IS AFFIRMED. ALL COSTS ARE TAXED TO THE APPELLANT.**

**BRIDGES, C.J., McMILLIN AND THOMAS, P.JJ., COLEMAN, DIAZ, HERRING, KING, AND PAYNE, JJ., CONCUR.**