KITCHENS, Justice,
dissenting:
¶ 184. I dissent. The State had its opportunity, before the trial, to try to prove beyond a reasonable doubt that Jason Keller’s first two statements to police were not the products of coercion. The trial court determined that the first two statements were inadmissible because of their having been obtained in violation of Miranda.[22] It did not reach a determination of whether the statements were products of actual official coercion and thus in violation of Keller’s due process rights. On the record that was before us, this Court could have, and should have, in the usual course of the direct appeal, determined whether Keller’s confession was voluntary as understood by our courts. How *878 ever, in a complete departure from regular appellate sense and procedure, the majority decided that it could not make the decision itself, and gave the State a chance to shore up its position, with a helpfully instructive order which made it unlikely that the prosecution’s deficiencies would not be corrected. I would not consider any of the new evidence adduced at the remand hearing. I would find that the third confession was impermissibly tainted by the first two statements, and that it was inadmissible because it was not the product of an explicit waiver of Miranda rights.
I. The “do-over.”
¶ 185. I objected to the order granting the State a second chance to prove that Keller’s first two statements, given soon after he had been shot and while doctors and nurses operated on him in order to save his life, for the same reasons that I dissent today: this Court authorized an augmentation of the record and allowed the State to put on additional proof that it had failed to produce before trial at the first suppression hearing. After the first suppression hearing was completed, it was a done deal. The record was complete on appeal, and was so certified by the circuit clerk. It was this Court’s job to rule on the record as presented. Instead, we remanded for a highly unusual hearing which occurred after the prosecution knew what was of particular concern to this Court.
¶ 186. The United States Supreme Court has stated clearly that an independent review of the voluntariness of a confession must be conducted by an appellate court. “It is our duty in this case, however, as in all of our prior cases dealing with the question whether a confession was involuntarily given, to examine the entire record and make an independent determination of the ultimate issue of voluntariness.” Davis v. North Carolina, 884 U.S. 737, 741-42, 86 S.Ct. 1761, 1764, 16 L.Ed.2d 895 (1966) (emphasis added). “[W]e cannot escape the demands of judging or of making the difficult appraisals inherent in determining whether constitutional rights have been violated.” Haynes v. Washington, 373 U.S. 503, 515, 83 S.Ct. 1336, 1344, 10 L.Ed.2d 513 (1963). “[T]he emphasis upon the great weight to be given confessions make[s] all the more important the kind of ‘independent examination’ of petitioners’ claims which, in any event, we are bound to make.” Ashcraft v. Tennessee, 322 U.S. 143, 147-48, 64 S.Ct. 921, 923, 88 L.Ed. 1192 (1944) (emphasis added). This Court itself has recognized that it has the authority to review the record and make its own determination based upon the totality of the circumstances when a trial judge fails to make the necessary specific findings that we require.
“There will be no doubt times when such cursory handling of the question of voluntariness will place us in an awkward position.” ... But, when the trial judge fails to make specific findings and only makes general findings thereby allowing admissibility of evidence, this Court’s scope of review is considerably broader particularly when the trial judge’s findings on the precise points at issue on appeal are not clearly inferable from the findings made.
McCarty v. State, 554 So.2d 909, 912 (Miss. 1989) (quoting Gavin v. State, 473 So.2d 952, 955 (Miss.1985)).
¶ 187. This Court passed the buck when it allowed the trial court to determine questions of constitutionality that could and should have been decided upon regular appellate review. Not surprisingly, the State improved its position on remand, when it was allowed to adduce new evidence regarding the voluntariness of the statements. That new evidence should not have been admitted, and it should not be *879 considered by this Court on appeal. It is hard to imagine this Court’s ever being disposed to afford a similar opportunity to an accused.
II. Keller’s third statement was im-permissibly tainted by his first two, and should not have been admitted.
¶ 188. The trial court found that “the record ... is devoid of any suggestion that police resorted to physical or psychological pressure to elicit the statements from Keller.” (Emphasis added.) The statements by police that they were unsure about what would happen to Keller or when he could have water were not found to be coercive. While the police may not have resorted to physical or psychological pressure, I fail to see how it can be disputed that they took full advantage of the existing extreme conditions in which they found Keller. He had been shot in the chest. At one point a lung collapsed and it became medically necessary surgically to insert a tube into him while he was conscious. Keller’s agony-filled groans of pain can be heard clearly in the recording of his statement.[23] The man had a life-threatening wound, was in extreme pain, drugged up, and was being told by officers that he already had told someone else that he had killed the victim, and that he needed to tell the truth before the officers could help him. The officers had no need to “resort” to coercion; the environment of drug-addled, near-death, pain-filled police questioning was coercive enough.
¶ 189. I would find that the coercive nature of the questioning environment rendered Keller’s statements involuntary. I further would find that his subsequent third statement was impermissibly tainted by the first two involuntary statements, as it merely was a continuation of the earlier interviews. At the first suppression hearing, Officer Brown testified that he went back to interview Keller the third time “to see if he still wanted to cooperate.” This was a continuation of the interview process. Further, while obtaining the third statement, Brown continually referenced statements that Keller had made the night before. Keller’s third statement, while taken fourteen hours after his arrival at the emergency room, was taken only eleven hours after he was removed from the emergency department to the intensive care unit (“ICU”). At 8:45 a.m., less than six hours before Keller’s third statement, he was given a dose of morphine. He also tested positive for the presence of cocaine.
¶ 190. The third statement is tainted most by the fact that Keller had admitted that he had killed “that lady” during his first interview, as found by the trial court. Once he had admitted such a thing, which is the very essence of the crime at issue, it seems much more likely that in subsequent interviews he would not be as likely to deny it. From his perspective, he already had told police that he had killed someone. There was little else for him to tell, so why not just keep talking to them after that? He had no way of knowing that his first statement was taken in violation of Miranda under arguably coercive circumstances. I would find that the first confession from the first coercive interview impermissibly tainted the third statement. The State did not purge the taint by rereading to Keller the Miranda warning in an environment other than the emergency room.
¶ 191. The majority cites the United States Supreme Court to counter this *880 proposition, stating, “a later confession always may be looked upon as fruit of the first. But this Court has never gone so far as to hold that making a confession under circumstances which preclude its use, perpetually disables the confessor from making a usable one after those conditions have been removed.” U.S. v. Bayer, 331 U.S. 532, 540-41, 67 S.Ct. 1394, 1398, 91 L.Ed. 1654 (1947). However, in that case, the second confession occurred six months after the first. Id. at 541, 67 S.Ct. 1394. Here, Keller had told police less than half a day earlier that he indeed had shot “that lady.” He was still in the hospital, with a tube in one lung, and had, hours before, been injected with morphine. I find that his subsequent confession in the third statement was a fruit of the poisonous tree, and was inadmissible at his trial.
III. Even if it was not impermissibly tainted, Keller’s third statement was given without an express waiver of Keller’s Miranda rights, and should not have been admitted.
¶ 192. When Keller was approached for the third time, a few hours after having a tube placed into his chest, the investigating officer read him the Miranda rights. As noted by the majority, Officer Brown read Keller the following rights:
BROWN: I’d like to read you your rights. I know you said you would agree to talk to us, but I gotta do that anyway. You know you have the right to remain silent, anything you say ... can and will be used against you in court or any other judicial or administrative proceedings. You have the right to speak to an attorney prior to any questions. You may have an attorney with you during questioning. If you desire an attorney and cannot afford one, one will be appointed for you free of charge. And if you decide to answer questions now, without an attorney present, you still have the right to stop the questioning at any time and request that an attorney may be made available to you. Do you understand all that?
KELLER: I understand.
¶ 193. What is missing from that exchange is an explicit waiver. It is true, as noted by the majority, that the United States Supreme Court has held that, “[wjhere the prosecution shows that a Miranda warning was given and that it was understood by the accused, an accused’s uncoerced statement establishes an implied waiver of the right to remain silent.” Berghuis v. Thompkins, 560 U.S. 370, 384, 130 S.Ct. 2250, 2262, 176 L.Ed.2d 1098 (2010). While this ease stands for the proposition that, under federal law, investigators may proceed on the basis of an implied waiver, Mississippi is completely free to hold itself to a higher standard and require an express waiver. The individual states must look to their own jurisprudence to determine whether state law requires a higher standard than that mandated by the federal government. See Commonwealth v. Clarke, 461 Mass. 336, 960 N.E.2d 306, 311 (2012) (“[I]n the pre-waiver context, art. 12 [of the Massachusetts state constitution] does not require a suspect to invoke his right to remain silent with the utmost clarity, as required under Federal law.”). While there is no requirement that a waiver must be in writing, nevertheless, a waiver must occur under our jurisprudence. “All that is required is that the accused be afforded the protection of the Miranda warning and thereafter knowingly and intelligently waive his rights and freely and voluntarily make the statement.” Ruffin v. State, 992 So.2d 1165, 1171 (Miss.2008) (emphasis added) (citing Davis v. State, 320 So.2d 789, 790 (Miss.1975)). We clearly require that a suspect waive his Miranda rights in order *881 that they be deemed abandoned. This State has not adopted the holding in Thompkins, and I do not agree with the majority that it should now. Our jurisprudence requires a waiver, not an indication that the rights merely are understood. Therefore, I would find that the third statement was taken in violation of this Court’s Miranda jurisprudence and was inadmissible at trial.
¶ 194. I would reverse and remand Keller’s capital murder conviction and sentence. His confession was a large piece of the State’s case against him, and it was obtained, in my opinion, in violation of his rights to due process of law and against self incrimination. None of his statements, which occurred during a process of police interrogation, should have been admitted. This Court should not have taken the extraordinary step, in the middle of an appeal, of affording the prosecution an unprecedented opportunity to patch up the holes in its case. This Court should have decided this case a year ago, in the normal manner, with the record that was before it at the time, and it should have reversed Keller’s conviction and remanded his case for a trial which does not include any of Keller’s statements. For the foregoing reasons, I respectfully dissent.
KING, J., JOINS THIS OPINION.

APPENDIX

DEATH CASES AFFIRMED BY THIS COURT

Leslie Galloway III v. State, 122 So.3d 614 (Miss.2013).
Bobby Batiste v. State, 121 So.3d 808 (Miss.2013).
Roger Lee Gillett v. State, 56 So.3d 469 (Miss.2010).
Moffett v. State, 49 So.3d 1073 (Miss.2010).
Pitchford v. State, 45 So.3d 216 (Miss.2010).
Goff v. State, 14 So.3d 625 (Miss.2009).
Wilson v. State, 21 So.3d 572 (Miss.2009).
Chamberlin v. State, 989 So.2d 320 (Miss.2008).
Loden v. State, 971 So.2d 548 (Miss.2007).
King v. State, 960 So.2d 413 (Miss.2007).
Bennett v. State, 933 So.2d 930 (Miss.2006).
Havard v. State, 928 So.2d 771 (Miss.2006).
Spicer v. State, 921 So.2d 292 (Miss.2006).
Hodges v. State, 912 So.2d 730 (Miss.2005).
Walker v. State, 913 So.2d 198 (Miss.2005).
Le v. State, 913 So.2d 913 (Miss.2005).
Brown v. State, 890 So.2d 901 (Miss.2004).
Powers v. State, 883 So.2d 20 (Miss.2004)
Branch v. State, 882 So.2d 36 (Miss.2004).
Scott v. State, 878 So.2d 933 (Miss.2004).
Lynch v. State, 877 So.2d 1254 (Mis.2004).
Dycus v. State, 875 So.2d 140 (Miss.2004).
Byrom v. State, 863 So.2d 836 (Miss.2003).
Howell v. State, 860 So.2d 704 (Miss.2003).
Howard v. State, 853 So.2d 781 (Miss.2003).
*882 Walker v. State, 815 So.2d 1209 (Miss.2002). ""following remand.
Bishop v. State, 812 So.2d 934 (Miss.2002).
Stevens v. State, 806 So.2d 1031 (Miss.2002).
Grayson v. State, 806 So.2d 241 (Miss.2002).
Knox v. State, 805 So.2d 527 (Miss.2002).
Simmons v. State, 805 So.2d 452 (Miss.2002).
Berry v. State, 802 So.2d 1033 (Miss.2001).
Snow v. State, 800 So.2d 472 (Miss.2001).
Mitchell v. State, 792 So.2d 192 (Miss.2001).
Puckett v. State, 788 So.2d 752 (Miss. 2001). * following remand.
Goodin v. State, 787 So.2d 639 (Miss.2001).
Jordan v. State, 786 So.2d 987 (Miss.2001).
Manning v. State, 765 So.2d 516 (Miss.2000). ""following remand.
Eskridge v. State, 765 So.2d 508 (Miss.2000).
McGilberry v. State, 741 So.2d 894 (Miss.1999).
Puckett v. State, 737 So.2d 322 (Miss.1999). ""remanded for Batson hearing.
Manning v. State, 735 So.2d 323 (Miss.1999). ""remanded for Batson hearing.
Hughes v. State, 735 So.2d 238 (Miss.1999).
Turner v. State, 732 So.2d 937 (Miss.1999).
Smith v. State, 729 So.2d 1191 (Miss.1998).
Burns v. State, 729 So.2d 203 (Miss.1998).
Jordan v. State, 728 So.2d 1088 (Miss.1998).
Gray v. State, 728 So.2d 36 (Miss.1998).
Manning v. State, 726 So.2d 1152 (Miss.1998).
Woodward v. State, 726 So.2d 524 (Miss.1997).
Bell v. State, 725 So.2d 836 (Miss.1998).
Evans v. State, 725 So.2d 613 (Miss.1997).
Brewer v. State, 725 So.2d 106 (Miss.1998).
Crawford v. State, 716 So.2d 1028 (Miss.1998).
Doss v. State, 709 So.2d 369 (Miss.1996).
Underwood v. State, 708 So.2d 18 (Miss.1998).
Holland v. State, 705 So.2d 307 (Miss.1997).
Wells v. State, 698 So.2d 497 (Miss.1997).
Wilcher v. State, 697 So.2d 1087 (Miss.1997).
Wiley v. State, 691 So.2d 959 (Miss.1997).
Brown v. State, 690 So.2d 276 (Miss.1996).
Simon v. State, 688 So.2d 791 (Miss.1997).
Jackson v. State, 684 So.2d 1213 (Miss.1996).
Williams v. State, 684 So.2d 1179 (Miss.1996).
Davis v. State, 684 So.2d 643 (Miss.1996).
Taylor v. State, 682 So.2d 359 (Miss.1996).
Brown v. State, 682 So.2d 340 (Miss.1996).
*883 Blue v. State, 674 So.2d 1184 (Miss.1996).
Holly v. State, 671 So.2d 32 (Miss.1996).
Walker v. State, 671 So.2d 581 (Miss.1995).
Russell v. State, 670 So.2d 816 (Miss.1995).
Ballenger v. State, 667 So.2d 1242 (Miss.1995).
Davis v. State, 660 So.2d 1228 (Miss.1995).
Carr v. State, 655 So.2d 824 (Miss.1995).
Mack v. State, 650 So.2d 1289 (Miss.1994).
Chase v. State, 645 So.2d 829 (Miss.1994).
Foster v. State, 639 So.2d 1263 (Miss.1994).
Conner v. State, 632 So.2d 1239 (Miss.1993).
Hansen v. State, 592 So.2d 114 (Miss.1991).
*Shell v. State, 554 So.2d 887 (Miss. 1989); Shell v. Mississippi, 498 U.S. 1, 111 S.Ct. 313, 112 L.Ed.2d 1 (1990) reversing, in part, and remanding; Shell v. State, 595 So.2d 1323 (Miss.1992) remanding for new sentencing hearing.
Davis v. State, 551 So.2d 165 (Miss.1989).
Minnick v. State, 551 So.2d 77 (Miss.1989).
*Pinkney v. State, 538 So.2d 329 (Miss. 1989); Pinkney v. Mississippi, 494 U.S. 1075, 110 S.Ct. 1800, 108 L.Ed.2d 931 (1990) vacating and remanding; Pinkney v. State, 602 So.2d 1177 (Miss.1992) remanding for new sentencing hearing.
*Clemons v. State, 535 So.2d 1354 (Miss.1988); Clemons v. Mississippi, 494 U.S. 738, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990) vacating and remanding; Clemons v. State, 593 So.2d 1004 (Miss.1992) remanding for new sentencing hearing.
Woodward v. State, 533 So.2d 418 (Miss.1988).
Nixon v. State, 533 So.2d 1078 (Miss.1987).
Cole v. State, 525 So.2d 365 (Miss.1987).
Lockett v. State, 517 So.2d 1346 (Miss.1987).
Lockett v. State, 517 So.2d 1317 (Miss.1987).
Faraga v. State, 514 So.2d 295 (Miss.1987).
*Jones v. State, 517 So.2d 1295 (Miss.1987); Jones v. Mississippi, 487 U.S. 1230, 108 S.Ct. 2891, 101 L.Ed.2d 925 (1988) vacating and remanding; Jones v. State, 602 So.2d 1170 (Miss.1992) remanding for new sentencing hearing.
Wiley v. State, 484 So.2d 339 (Miss.1986).
Johnson v. State, ATI So.2d 196 (Miss.1985).
Gray v. State, 472 So.2d 409 (Miss.1985).
Cabello v. State, 471 So.2d 332 (Miss.1985).
Jordan v. State, 464 So.2d 475 (Miss.1985).
Wilcher v. State, 455 So.2d 727 (Miss.1984).
Billiot v. State, 454 So.2d 445 (Miss.1984).
Stringer v. State, 454 So.2d 468 (Miss.1984).
*884 Dufour v. State, 453 So.2d 337 (Miss.1984).
Neal v. State, 451 So.2d 743 (Miss.1984).
Booker v. State, 449 So.2d 209 (Miss.1984).
Wither v. State, 448 So.2d 927 (Miss.1984).
Caldwell v. State, 443 So.2d 806 (Miss.1983).
Irving v. State, 441 So.2d 846 (Miss.1983).
Tokman v. State, 435 So.2d 664 (Miss.1983).
Leatherwood v. State, 435 So.2d 645 (Miss.1983).
Hill v. State, 432 So.2d 427 (Miss.1983).
Pruett v. State, 431 So.2d 1101 (Miss.1983).
Gilliard v. State, 428 So.2d 576 (Miss.1983).
Evans v. State, 422 So.2d 737 (Miss.1982).
King v. State, 421 So.2d 1009 (Miss.1982).
Wheat v. State, 420 So.2d 229 (Miss.1982).
Smith v. State, 419 So.2d 563 (Miss.1982).
Johnson v. State, 416 So.2d 383 (Miss.1982).
Edwards v. State, 413 So.2d 1007 (Miss.1982).
Bullock v. State, 391 So.2d 601 (Miss.1981).
Reddix v. State, 381 So.2d 999 (Miss.1980).
Jones v. State, 381 So.2d 983 (Miss.1980).
Culberson v. State, 379 So.2d 499 (Miss.1979).
Gray v. State, 375 So.2d 994 (Miss.1979).
Jordan v. State, 365 So.2d 1198 (Miss.1978).
Voyles v. State, 362 So.2d 1236 (Miss.1978).
Irving v. State, 361 So.2d 1360 (Miss.1978).
Washington v. State, 361 So.2d 61 (Miss.1978).
Bell v. State, 360 So.2d 1206 (Miss.1978).

DEATH CASES REVERSED AS TO GUILT PHASE AND SENTENCING PHASE

Ross v. State, 954 So.2d 968 (Miss.2007).
Flowers v. State, 947 So.2d 910 (Miss.2007).
Flowers v. State, 842 So.2d 531 (Miss.2003).
Randall v. State, 806 So.2d 185 (Miss.2002).
Flowers v. State, 773 So.2d 309 (Miss.2000).
Edwards v. State, 737 So.2d 275 (Miss.1999).
Smith v. State, 733 So.2d 793 (Miss.1999).
Porter v. State, 732 So.2d 899 (Miss.1999).
Kolberg v. State, 704 So.2d 1307 (Miss.1997).
Snelson v. State, 704 So.2d 452 (Miss.1997).
Fuselier v. State, 702 So.2d 388 (Miss.1997).
Howard v. State, 701 So.2d 274 (Miss.1997).
Lester v. State, 692 So.2d 755 (Miss.1997).
*885 Hunter v. State, 684 So.2d 625 (Miss.1996).
Lanier v. State, 684 So.2d 93 (Miss.1996).
Giles v. State, 650 So.2d 846 (Miss.1995).
Duplantis v. State, 644 So.2d 1235 (Miss.1994).
Harrison v. State, 635 So.2d 894 (Miss.1994).
Butler v. State, 608 So.2d 314 (Miss.1992).
Jenkins v. State, 607 So.2d 1171 (Miss.1992).
Abram v. State, 606 So.2d 1015 (Miss.1992).
Balfour v. State, 598 So.2d 731 (Miss.1992).
Griffin v. State, 557 So.2d 542 (Miss.1990).
Bevill v. State, 556 So.2d 699 (Miss.1990).
West v. State, 553 So.2d 8 (Miss.1989).
Leatherwood v. State, 548 So.2d 389 (Miss.1989).
Mease v. State, 539 So.2d 1324 (Miss.1989).
Houston v. State, 531 So.2d 598 (Miss.1988).
West v. State, 519 So.2d 418 (Miss.1988).
Davis v. State, 512 So.2d 1291 (Miss.1987).
Williamson v. State, 512 So.2d 868 (Miss.1987).
Foster v. State, 508 So.2d 1111 (Miss.1987).
Smith v. State, 499 So.2d 750 (Miss.1986).
West v. State, 485 So.2d 681 (Miss.1985).
Fisher v. State, 481 So.2d 203 (Miss.1985).
Johnson v. State, 476 So.2d 1195 (Miss.1985).
Fuselier v. State, 468 So.2d 45 (Miss.1985).
West v. State, 463 So.2d 1048 (Miss.1985).
Jones v. State, 461 So.2d 686 (Miss.1984).
Moffett v. State, 456 So.2d 714 (Miss.1984).
Lanier v. State, 450 So.2d 69 (Miss.1984).
Laney v. State, 421 So.2d 1216 (Miss.1982).

DEATH CASES REVERSED AS TO PUNISHMENT AND REMANDED FOR RESENTENCING TO LIFE IMPRISONMENT

Reddix v. State, 547 So.2d 792 (Miss.1989).
Wheeler v. State, 536 So.2d 1341 (Miss.1988).
White v. State, 532 So.2d 1207 (Miss.1988).
Bullock v. State, 525 So.2d 764 (Miss.1987).
Edwards v. State, 441 So.2d 84 (Miss.1983).
Dycus v. State, 440 So.2d 246 (Miss.1983).
Coleman v. State, 378 So.2d 640 (Miss.1979).

DEATH CASES REVERSED AS TO PUNISHMENT AND REMANDED FOR A NEW TRIAL ON SENTENCING PHASE ONLY

Fulgham v. State, 46 So.3d 315 (Miss.2010).
*886 Rubenstein v. State, 941 So.2d 735 (Miss.2006).
King v. State, 784 So.2d 884 (Miss.2001).
Walker v. State, 740 So.2d 873 (Miss.1999).
Watts v. State, 733 So.2d 214 (Miss.1999).
West v. State, 725 So.2d 872 (Miss.1998).
Smith v. State, 724 So.2d 280 (Miss.1998).
Berry v. State, 703 So.2d 269 (Miss.1997).
Booker v. State, 699 So.2d 132 (Miss.1997).
Taylor v. State, 672 So.2d 1246 (Miss.1996).
*Shell v. State, 554 So.2d 887 (Miss.1989); Shell v. Mississippi 498 U.S. 1, 111 S.Ct. 313, 112 L.Ed.2d 1 (1990) reversing, in part, and remanding; Shell v. State, 595 So.2d 1323 (Miss.1992) remanding for new sentencing hearing.
*Pinkney v. State, 538 So.2d 329 (Miss. 1989); Pinkney v. Mississippi, 494 U.S. 1075, 110 S.Ct. 1800, 108 L.Ed.2d 931 (1990) vacating and remanding; Pinkney v. State, 602 So.2d 1177 (Miss.1992) remanding for new sentencing hearing.
*Clemons v. State, 535 So.2d 1354 (Miss.1988); Clemons v. Mississippi, 494 U.S. 738, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990) vacating and remanding; Clemons v. State, 593 So.2d 1004 (Miss.1992) remanding for new sentencing hearing.
*Jones v. State, 517 So.2d 1295 (Miss.1987); Jones v. Mississippi, 487 U.S. 1230, 108 S.Ct. 2891, 101 L.Ed.2d 925 (1988) vacating and remanding; Jones v. State,
602 So.2d 1170 (Miss.1992) remanding for new sentencing hearing.
Russell v. State, 607 So.2d 1107 (Miss.1992).
Holland v. State, 587 So.2d 848 (Miss.1991).
Willie v. State, 585 So.2d 660 (Miss.1991).
Ladner v. State, 584 So.2d 743 (Miss1991).
Mackbee v. State, 575 So.2d 16 (Miss.1990).
Berry v. State, 575 So.2d 1 (Miss.1990).
Turner v. State, 573 So.2d 657 (Miss.1990).
State v. Tokman, 564 So.2d 1339 (Miss.1990).
Johnson v. State, 547 So.2d 59 (Miss.1989).
Williams v. State, 544 So.2d 782 (Miss.1989); sentence ajfd 684 So.2d 1179 (1996).
Lanier v. State, 533 So.2d 473 (Miss.1988).
Stringer v. State, 500 So.2d 928 (Miss.1986).
Pinkton v. State, 481 So.2d 306 (Miss.1985).
Mhoon v. State, 464 So.2d 77 (Miss.1985).
Cannaday v. State, 455 So.2d 713 (Miss.1984).
Wiley v. State, 449 So.2d 756 (Miss.1984); resentencing affirmed, Wiley v. State, 484 So.2d 339 (Miss.1986); cert. denied, Wiley v. Mississippi, 479 U.S. 906, 107 S.Ct. 304, 93 L.Ed.2d 278 (1986); re-sentencing ordered, Wiley v. State, 635 So.2d 802 (Miss.1993) following writ of ha-beas corpus issued pursuant to Wiley v. *887 Puckett, 969 F.2d 86, 105-106 (5th Cir. 1992); resentencing affirmed.
Williams v. State, 445 So.2d 798 (Miss.1984).

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694(1966).

. Interestingly, Keller's treating physician, Dr. Bredemeier, testified that Keller was alert and aware during the procedure. Keller even signed his admission form to the hospital. One wonders why the police did not ask him to sign a Miranda waiver form.

 Case was originally affirmed in this Court but on remand from U.S. Supreme Court, case was remanded by this Court for a new sentencing hearing.

 Case was originally affirmed in this Court but on remand from U.S. Supreme Court, case was remanded by this Court for a new sentencing hearing.